UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRILYN PAYTON,**   Case Number: 8:22-cv-694

    **Plaintiff,**

v.

**FLORIDA POP, LLC.**
**d/b/a POPEYES LOUISIANA KITCHEN,**

    **Defendant.**
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, TERRILYN PAYTON, hereby brings this action for damages against Defendant, FLORIDA POP LLC d/b/a POPEYES LOUISIANA KITCHEN., and alleges Defendant violated both the Fair Labor Standards Act ("FLSA"). In support of her allegations, Plaintiff states as follows:

### Parties

1. Plaintiff is a qualified female who was employed by Defendant as a fast-food worker.

2. Defendant operates and maintains a Popeyes fast food restaurant in Hillsborough County, Florida.

## Jurisdiction

3. Defendant is a for-profit corporation headquartered in Dallas, Texas.

4. Defendant is incorporated in Dallas, Texas.

5. Defendant operates and maintains a fast-food restaurant in Hillsborough County, Florida.

6. Defendant conducts business in among other places, Hillsborough County, Florida.

7. Defendant employed Plaintiff in its restaurant located in Hillsborough County, Florida.

8. Plaintiff performed services for Defendant, as an employee, in Hillsborough County, Florida.

9. Plaintiff brings this action against Defendant pursuant to the FLSA (29 U.S.C. 201, et. seq.).

10. Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

11. Defendant is an Employer as defined by the FLSA.

12. The Court has jurisdiction as the unlawful employment practices took place in Hillsborough County, Florida.

### Factual Allegations

13. Defendant employed Plaintiff as a fast-food worker in the two years prior to the filing of this lawsuit.

14. Defendant employed Plaintiff as a non-exempt fast-food worker.

15. At all times during Plaintiff's employment with Defendant, Plaintiff was employed by Defendant as a non-exempt, hourly employee.

16. Indeed, Plaintiff was never compensated on a salary basis during her employment with Defendant and her weekly wages varied based on the number of hours worked by Plaintiff for Defendant.

17. Plaintiff was paid on an hourly basis and earned $15 per hour while employed by Defendant.

18. As an hourly fast-food worker, Plaintiff regularly and routinely performed the following duties: preparing food, taking orders, and processing payments

19. Plaintiff regularly and routinely processed payments using credit and debit cards associated with banks located outside of Florida. Thus, Plaintiff caused interstate payments to be made.

20. Plaintiff took delivery of food and other items delivered to Defendant's restaurant that originated outside of Florida.

21. Plaintiff regularly communicated with members of Defendant's organization who lived and worked outside the state of Florida via telephone.

22. Throughout the entirety of Plaintiff's employment with Defendant, Plaintiff regularly worked more than 40 hours in a single week.

23. Although Plaintiff regularly worked more than 40 hours in a single workweek, Defendant actively prevented Plaintiff from recording all hours worked.

24. Thus, Plaintiff was not compensated for all hours worked.

25. Additionally, Plaintiff was entitled to be compensated at a rate of one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

26. Under the FLSA Plaintiff was entitled to receive "premium wages" for the hours worked beyond 40 in a single workweek.

27. Plaintiff performed all of her work duties and responsibilities while physically located in Defendant's facility and working in full view of Defendant.

28. While working in full view of Defendant, Plaintiff regularly and routinely worked more than 40 hours during the majority of the workweeks during her employment with Defendant.

29. On a number of occasions, Plaintiff attempted to properly record the accurate and total amount of hours worked by Plaintiff by recording her hours worked on Defendant's timekeeping system.

30. Despite Plaintiff's efforts to record all hours worked on Defendant's timekeeping system, Defendant – by and through Plaintiff's manager – manually adjusted Plaintiff's recorded hours worked in the timekeeping system to reflect less hours worked by Plaintiff.

31. Defendant engaged in the illegal practice known as time shaving where an employer adjusts the hours worked by an employee in order to pay the employee for less hours than were actually worked.

32. The vast majority of the hours removed or "shaved" from Plaintiff's timesheets were overtime hours where Plaintiff was entitled to be paid at least one- and-one-half times her regular rate of pay.

33.  Defendant engaged in the illegal time shaving practice – as it relates to Plaintiff- nearly every workweek of Plaintiff's employment.

34.  Defendant engaged in the illegal practice known as "time-shaving" in order to extract additional work from Plaintiff without compensating Plaintiff for all of the work she had performed.

35.  As a result, Plaintiff was not compensated for all of the time she spent working for Defendant and was not always paid one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

36.  Plaintiff 's employment with Defendant terminated on August 20, 2021.

37.  Defendant's violations of the FLSA were material and willful.

## COUNT I- UNPAID OVERTIME WAGES

38.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37, above.

39.  Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

40.  Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

41. Plaintiff routinely worked more than 40 hours in a single workweek during her employment with Defendant.

42. . Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

43. Plaintiff was not paid at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

44. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

45. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

46. Plaintiff demands a trial by jury.

DATED this 25th day of March, 2022.

**Respectfully,**

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511

Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com