UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRILYN PAYTON,                    Case Number:  8:22-cv-694

    Plaintiff,

v.

FLORIDA POP, LLC.
d/b/a POPEYES LOUISIANA KITCHEN,

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY

Plaintiff, by and through her undersigned counsel, hereby moves this Court for entry of partial summary judgment as to liability. The undisputed record evidence establishes that Plaintiff was employed by Defendant as a non-exempt manual laborer, worked more than 40 hours during numerous workweeks of during her employment, and was not paid at least one-and-one-half times her regular wage for all hours worked beyond 40 in a single workweek. Even when viewing the facts in the light most favorable to Defendant, it is uncontroverted that Plaintiff worked more than 40 hours during numerous workweeks and was not paid at least one-and-one-half times her regular wage for hours worked beyond 40 in a single workweek.

The FLSA mandates employers to compensate non-exempt hourly employees at a rate of at least one-and-one-half times their regular rate for all hours worked beyond 40 in a single work week. In the present action, Defendant's employment records combined with the Plaintiff's testimony establish that Plaintiff was employed by Defendant as a non-exempt employee. Plaintiff's uncontroverted testimony has been that she routinely worked more than 40 hours per week during her employment with Defendant and was not paid at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

Defendant has not, and cannot, refute Plaintiff's claims that she worked more than 40 hours per week and was not paid premium wages for so doing. Despite statutory requirements to maintain Plaintiff's employment records for three years, Defendant destroyed Plaintiff's schedules just 455 days after her employment with Defendant ended. Thus, Defendant cannot rely on Plaintiff's work schedules to defend against this action as those schedules have been destroyed. Moreover, Defendant has not proffered testimony from a single individual with personal knowledge of Plaintiff's employment with Defendant. Indeed, Defendant cannot offer any testimony that contradicts Plaintiff's allegations.

Finally, Defendant's corporate representative testified that Defendant's time records documenting Plaintiff's working hours are inaccurate and do not contain all of the time Plaintiff spent working for Defendant.

In light of the above, no reasonable juror could determine that Plaintiff did not work more than 40 hours during numerous workweeks of her employment with Defendant. Accordingly, summary judgment should be granted as to liability. The parties should proceed to trial on the issue of damages, alone.

## Statement of Undisputed Facts

1. Plaintiff was employed by Defendant as a non-exempt, hourly employee in 2020 and 2021. (Payton Decl. ¶ 2).

2. During Plaintiff's employment with Defendant, Plaintiff was managed by Kevin Cobb and Victoria McNeil. (Payton Decl. ¶ 4).

3. During Plaintiff's employment with Defendant, both Cobb and McNeil instructed Plaintiff to work off the clock and not to record all hours she worked. (Payton Decl. ¶ 11).

4. Plaintiff regularly worked at least 45 hours per week during her employment with Defendant. (Payton Decl. ¶ 11).

5. Plaintiff was paid at a rate of $12 per hour and Plaintiff's overtime rate was $18 per hour. (Payton Decl. ¶ 12).

6.  Plaintiff did not have copies of her schedules and instead Defendant posted them in Defendant's facility for Plaintiff and other employees to view. (Payton Decl. ¶ 5).

7.  Plaintiff could not access her schedules online. Defendant is in exclusive possession of Plaintiff' schedules. (Dang Depo. 18:21-19:17).

8.  At all times during Plaintiff's employment, Defendant created employee schedules using it RTI system. (Dang Depo. 7:1-17).

9.  During Plaintiff's employment, Defendant retained employee schedules for 455 days. Thereafter, the schedules were deleted and destroyed. (Dang Depo. 11:22-25).

10. Plaintiff's final recorded date of employment is August 12, 2021.

11. At the time Plaintiff filed this action, on March 25, 2022, only 225 days had passed since Plaintiff's last recorded workday. Defendant still had 32 weeks of Plaintiff's schedules in its exclusive possession.

12. Plaintiff served Defendant with a copy of the complaint and summons on April 1, 2022. At the time Defendant was served with this action, 232 days had passed since Plaintiff's last recorded workday. Defendant still had 31 weeks of Plaintiff's schedules in its exclusive possession. Dkt. 5.

13. On September 14, 2022, Plaintiff requested her work schedules, via a request for production of documents. At the time of Plaintiff's request, 398 days had passed since Plaintiff's termination. Defendant still had 8 weeks of Plaintiff's schedules in its exclusive possession.

14. Defendant deleted Plaintiff's schedules after being served with this action and after Plaintiff requested production of the schedules pursuant to a proper discovery request.  (Dang Depo. 12:1-3).

15. Defendant made no effort to preserve Plaintiff's work schedules after being served with the lawsuit or after being served with a discovery request seeking production of Plaintiff's schedules. (Dang Depo. 16:18-17:12).

16. Defendant could have downloaded and printed Plaintiff's work schedules prior to their deletion. (Dang Depo. 17:6-12).

17. Defendant could have preserved Plaintiff's work schedules for 750 days as opposed to 455 days. (Dang Depo. 17:17-21).

18. Defendant has not produced any of Plaintiff's schedules.

19. Defendant's corporate representative testified that Defendant's timekeeping records do not include all of the time Plaintiff spent working for Defendant. (Neal Depo. 44:25-45:19).

## <u>Legal Standard</u>

Summary judgment is appropriate if it appears through pleadings, depositions, admissions and affidavits that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Armstrong v. Flowers Hospital, Inc.*, 33 F.3d 1308 (11th Cir. 1994). A party cannot defeat a motion for summary judgment by resting upon conclusory allegations in the pleadings. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Nor may summary judgment be defeated merely on the basis of a "metaphysical doubt" about material facts or on the basis of "conjecture or surmise." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

No employer shall employ a non-exempt, hourly employee to work more than 40 hours in a single week without paying the employee at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single week. See, 29 U.S.C. 207. Pursuant to the record keeping regulations set out in 29 C.F.R. § 516.2, employers must maintain work time, ***schedule*** and pay records for their

employees. As to those employees subject to minimum wage and overtime, payroll records must be kept that includes the hours worked each day and week. 29 C.F.R. § 516.2(a)(7). Records for nonexempt employees must be preserved for at least three years. 29 C.F.R. § 516.5(a). <u>Lyles v. Burt's Butcher Shoppe & Eatery, Inc.</u>, No. 4:10-CV-53 (CDL), 2011 U.S. Dist. LEXIS 119286, at *1 (M.D. Ga. Oct. 17, 2011) (emphasis added).

An employer's failure to create and maintain legally required records has a legal consequence. If the employer fails to produce such evidence, [which is the case here], the court may then award damages to the employee, even though the result be only approximate. Id.

## <u>Legal Argument</u>

Plaintiff weas employed by Defendant as a non-exempt, hourly employee, regularly worked more than 45 hours per week, and was not paid overtime wages for doing so. Defendant failed to maintain accurate timekeeping records and deleted relevant and discoverable evidence (Plaintiff's work schedules) after being served with a lawsuit and after being served with a request for production seeking Plaintiff's work schedules.

Defendant has not offered any testimony or documentary evidence contradicting Plaintiff's testimony that she was not paid overtime wages when

she worked more than 40 hours in a single workweek. Defendant has not offered any testimony, at all, from a single person with first-hand knowledge of Plaintiff's employment with Defendant.

Although Defendant offered Mr. James Neal as its corporate representative regarding Defendant's timekeeping practices, Mr. Neal was hired after Plaintiff was no longer working for Defendant and he did not have any personal interaction with Plaintiff. (Neal Depo: 5:8-9). When Mr. Neal was questioned about the accuracy of Defendant's timekeeping records, Mr. Neal admitted that Defendant's records did not include all of the time Plaintiff worked for Defendant. (Neal Depo. 44:25-45:19). Thus, Defendant has admitted that its timekeeping records are incomplete. A reasonable juror would not be able to rely on Defendant's timekeeping records when evaluating this matter. There is no genuine dispute as to the inaccurate and incomplete nature of Defendant's timekeeping records.

Mr. Jimmy Dang, who was offered as Defendant's corporate representative regarding schedules, testified that schedules are deleted just 455 days after they are created; despite the fact that 29 CFR 516 requires employers to maintain schedules for three years. There is no genuine dispute as to the fact that Defendant failed to comply with 29 CFR 516 when it deleted Plaintiff's schedules after just

455 days. Also, at the time Defendant was served with this lawsuit, Defendant was in possession of schedules dating back to 31 weeks prior to Plaintiff's last recorded workday. This is because the lawsuit was served just 232 days after Plaintiff's last recorded day of employment.

Nonetheless, Defendant destroyed relevant and discoverable evidence by deleting 31 weeks of Plaintiff's schedules after being served with this action. There is no genuine dispute about the fact that Defendant destroyed relevant evidence which would have showed the amount of time Plaintiff was scheduled to work.

Plaintiff's testimony in this action has been consistent and exceedingly clear. That is, she was employed by Defendant as an hourly worker, she regularly worked more than 40 hours in a single workweek, and she was not paid overtime wages when she worked overtime hours. Defendant has had ample opportunity to submit evidence contradicting Plaintiff's allegations. However, Defendant has failed to do so. Defendant has not offered any evidence, whatsoever, that a reasonable juror could rely upon in deciding this matter in Defendant's favor. There has not been any testimony that Plaintiff did not work more than 40 hours in a single workweek; or that she was paid for all overtime hours. Defendant has not produced schedules evidencing the hours Plaintiff was scheduled to work.

And Defendant admitted that its timekeeping records do not show all the time Plaintiff spent working for Defendant.

## Conclusion

Even taking the facts in the light most favorable to Defendant, a reasonable juror could not find this matter in Defendant's favor as Defendant has not presented any evidence contradicting Plaintiff's testimony.

DATED this 8th day of March, 2023.

*/s/ Kyle J. Lee*

KYLE J. LEE ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of February, 2023, the foregoing was electronically served via electronic mail to Defendant's counsel.

*/s/ Kyle J. Lee*

KYLE J. LEE ESQ.

Florida Bar No.:105321
E-mail: kyle@kyleleelaw.com
E-mail: leeanna@kyleleelaw.com
1971 West Lumsden Road, Ste 303
Brandon Florida 33511
*Attorney for Plaintiff*