UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRILYN PAYTON,**   Case Number:  8:22-cv-694

    **Plaintiff,**

v.

**FLORIDA POP, LLC.**
**d/b/a POPEYES LOUISIANA KITCHEN,**

    **Defendant.**
_____/

## PLAINTIFF'S MOTION FOR SANCATIONS FOR DEFENDANT'S SPOLIATION OF EVDIENCE

Plaintiff, by and through her undersigned counsel, hereby moves this Court to enter an order sanctioning Defendant for failing to preserve relevant electronically stored information after it had been served with the Plaintiff's complaint (Dkt. 1). Defendant was aware of pending litigation when it was served with this lawsuit and Defendant failed to preserve Plaintiff's work schedules. In FLSA cases, such as the present matter, a plaintiff's work schedules are often critical evidence to be considered by a jury in determining the amount of hours worked during any given workweek. Defendant's deletion of Plaintiff's work schedules after being served with this action unfairly prejudices Plaintiff and elevates her burden of proof.  In support of her motion, Plaintiff further states as follows:

1

Factual Allegations

1. During Plaintiff's employment with Defendant, Defendant did not give Plaintiff copies of her schedules and instead Defendant posted them in Defendant's facility for Plaintiff and other employees to view. (Payton Decl. ¶ 5).

2. Plaintiff could not access her schedules online. Defendant is in exclusive possession of Plaintiff' schedules. (Dang Depo. 18:21-19:17).

3. At all times during Plaintiff's employment, Defendant created employee schedules using it RTI system. (Dang Depo. 7:1-17).

4. During Plaintiff's employment, Defendant retained employee schedules for 455 days. Thereafter, the schedules were deleted and destroyed. (Dang Depo. 11:22-25).

5. Plaintiff's final recorded date of employment is August 12, 2021.

6. At the time Plaintiff filed this action, on March 25, 2022, only 225 days had passed since Plaintiff's last recorded workday. Defendant still had 32 weeks of Plaintiff's schedules in its exclusive possession.

7. Plaintiff served Defendant with a copy of the complaint and summons on April 1, 2022. At the time Defendant was served with this action, 232 days had passed since Plaintiff's last recorded workday. Defendant still had 31 weeks of Plaintiff's schedules in its exclusive possession. Dkt. 5.

8. Defendant did not save, maintain, or preserve any of Plaintiff's work schedules even after being served with this action.

<u>Legal Argument</u>

Defendant should be sanctioned by the Court for failing to preserve critical evidence in the form of Plaintiff's work schedules which were, at all times prior to deletion, in Defendant's exclusive possession. When Defendant was served with this action, Defendant was in exclusive possession of 31 weeks of Plaintiff's work schedules. Litigation was not only anticipated, but ongoing, and there was no excuse or justification for deleting critical evidence. Indeed, the sole allegation in the complaint is that Defendant did not pay Plaintiff overtime wages during her employment with Defendant. Therefore, the relevance of Plaintiff's work schedules was obvious and apparent to Defendant at the outset of litigation; yet Defendant destroyed Plaintiff's work schedules, anyway.

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. <u>Graff v. Baja Marine Corp</u>., 310 Fed. Appx. 298, 301. Defendant, via its corporate representative, testified that Defendant maintains schedules for 455 days after they are created. (Dang Depo. 11:22-25). Plaintiff served Defendant with this lawsuit just 232 days after her final workday. Therefore, at the time Defendant was served with this lawsuit it was in possession of Plaintiff's schedules for the final 223 days of Plaintiff's employment. There can be no doubt that an employee's work schedules are exceedingly relevant and pertinent in a lawsuit alleging unpaid overtime.

Plaintiff alone bears the burden of proving, beyond a preponderance of the evidence, that she (1) worked more than 40 hours during certain workweeks of her employment and that she (2) was not paid 1.5 times her wage for all hours she worked beyond 40 in a single workweek. The value of Plaintiff's work schedules in proving Plaintiff's case cannot be overstated. Such schedules would allow a jury to calculate the hours Plaintiff was scheduled to work in any given workweek during her employment. They would provide tangible evidence that a finder of fact could consider in addition to her testimony.

Defendant has not, and cannot, provide any excuse, reason, or justification for destroying schedules that detailed the hours worked by Plaintiff during the final 223 days of her employment. Moreover, Defendant testified that the schedules could have easily been preserved had Defendant chosen to do so. (Dang Depo. 17:6-16). However, Defendant may have determined that it was better served by destroying the evidence which could have substantiated Plaintiff's allegations, leaving Plaintiff to fight with one arm tied behind her back.

Justice and fairness demand that Defendant not be rewarded for destroying critical evidence after being served with this action. It would be both manifestly unjust and unfairly prejudicial to Plaintiff if Defendant were to argue to the finder of that that Plaintiff's testimony, without more, lacks credibility. Because if Defendant had not knowingly destroyed evidence, Plaintiff would have had the benefit of the work

schedules to support her testimony. But because the schedules were always in Defendant's exclusive possession, Plaintiff could not preserve the evidence that Defendant chose to destroy.

There can be no doubt that Defendant acted with intent to deprive Plaintiff of the work schedules in its exclusive possession. On September 14, 2022, Plaintiff served Defendant with a discovery request specifically seeking production of Plaintiff's work schedules. At the time Plaintiff served Defendant with her request for the production of her work schedules, Defendant was in possession of schedules for the final 57 days of Plaintiff's employment. Nonetheless, Defendant made no effort to produce the schedules existing at the time of Plaintiff's discovery request. Defendant did not have to anticipate litigation, nor did Defendant have to assume the schedules were relevant. Plaintiff *specially requested* production of the schedules and Defendant deleted them, anyway.

## Conclusion

Thus, Plaintiff moves this Court to presume the schedules were unfavorable to Defendant and instruct the jury that it must presume the information was unfavorable to Defendant.

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiff attempted to resolve this discovery dispute in good faith and pursuant to Local Rule 3.01(g) on July 11, 2023. Defendant opposes the motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of July, 2023, the foregoing was electronically served via electronic mail to Defendant's counsel:

Abbye Alexander,
Kaufman, Dolowich & Voluck, LLP
301 E. Pine Street Suite 1150
Orlando, Florida 32801
Tel: 407-789-0244
Fax: 888-502-6353
Primary Email: aalexander@kdvlaw.com
*Attorney for Defendant*

/s/ Kyle J. Lee
**Attorney for Plaintiff**