UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRILYN PAYTON,**

    Plaintiff,

v.                                                         Case No: 8:22-cv-694-MSS-AAS

**FLORIDA POP LLC,**

    Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Partial Summary Judgment, (Dkt. 24), and Defendant's Response in opposition thereto. (Dkt. 25) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion.

**I.  BACKGROUND**

Plaintiff Terrilyn Payton initiated this one-count suit against her former employer, Florida Pop LLC, doing business as Popeyes Louisiana Kitchen, for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). (Dkt. 1) Plaintiff was employed by Defendant's restaurant as a non-exempt, hourly employee in 2020 and 2021.[1] (Dkt. 24 at ¶ 1) Plaintiff's regular rate of pay was $12 per

---

[1] The Parties have failed to file a stipulation of agreed material facts as required by the Court in its Case Management and Scheduling Order. (Dkt. 18 at § II.G.1) However, Plaintiff listed several "Undisputed Facts" in her Motion, many of which Defendant did not contest in its response. As such, the Court will treat those facts as undisputed for purposes of resolving this Motion.

hour. (Dkt. 24 at ⁋ 5) In the instant Motion, Plaintiff claims that summary judgment is proper in her favor as to the issue of liability only because the undisputed record evidence establishes that she worked overtime and was not paid at least one and a half times her regular wage for all overtime hours worked in a single workweek. (Dkt. 24) Defendant opposes the relief sought. (Dkt. 25)

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356). A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to

interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

### III.  DISCUSSION

If an employee has worked overtime without pay, she may bring a private FLSA action for damages. See 29 U.S.C. § 216(b). "An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." Bailey v. TitleMax of Georgia, Inc., 776 F.3d 797, 801 (11th Cir. 2015). Knowledge of the employee's overtime work may be imputed to the employer when its supervisors or management encourage artificially low reporting. Id.

Plaintiff has shown both required elements. Plaintiff has submitted uncontroverted testimony that she regularly worked overtime for which she was not properly compensated. (Dkt. 24-1 at ⁋ 12) In her sworn declaration, Plaintiff attests that on many occasions, she worked for Defendant without recording the time she spent working and was told by her managers not to record her time and that they

would do so for her. (Id. at ¶ 6) She also attests that Defendant's recordings of the hours she worked are completely inaccurate and do not include all of the time she spent working. (Id. at ¶ 8) Defendant has not offered any evidence to refute plaintiff's attestations.

In response to the Motion, Defendant contends that the number of hours Plaintiff worked is disputed in the record, as "Defendant's records of Plaintiff's timecards show[] that Plaintiff usually did not exceed 40 hours per work week." (Dkt. 25 at 1) However, Defendant does not offer even as much as a denial of Plaintiff's declaration by any competent evidence. Defendant has submitted no affidavit and no declaration or deposition testimony to controvert Plaintiff's assertion that she worked over 40 hours per week and that she was told to work off the clock.

To the extent that Defendant relies on its documentation of her hours, the documentation is admittedly incomplete. Specifically, Defendant's corporate representative, James Neal, admitted in his deposition that Plaintiff's Time Clock Report was missing at least one entry. (Dkt. 24-2 at 45:11 – 19) In fact, Neal specifically testified concerning a number of occasions in which managers whose names he did not recognize adjusted Plaintiff's hours. (Id. at 22:1 – 31:1) In this regard, the only evidence of record submitted to support Defendant's position as to Plaintiff's hours is what was clocked in and out in Plaintiff's Time Clock Report; however, this evidence does nothing to rebut Plaintiff's attestation that she worked off the clock, and it does not address Neal's admission that her hours were often adjusted downward by unknown managers.

4

Defendant's reliance on its policies to refute Plaintiff's claims also fails to inject material factual disputes. Defendant cites the testimony of Neal that Defendant *has* strict policies that hourly employees must clock in and out and managers are not to pay employees in cash. (Id. at 47:18 – 20, 49:6 – 8) Notably, Neal was not employed during the time of Plaintiff's employment. Thus, Neal's testimony does not refute Plaintiff's assertions because he did not specifically testify that these policies were in place prior to his employment.[2] He is not competent to testify as to the adherence by Defendant's managers to the policies in place during the relevant period of time. (Id. at 5:6 – 10) (Id. at 47: 18 - 20, 49: 6 - 8)

Moreover, Neal admitted that even during his tenure the clock in clock out policy was not strictly adhered to or enforced. Specifically, he testified that

---

2 Neal was asked the following line of questions at his deposition:

> Q. Okay. Prior to September 2021, are you aware if [Florida Pop] used a payroll company? A. I was not here in the company prior to September 28th, 2021.
> Q. Okay. Do you have any reason to believe that the policies, as far as payroll, had changed since September of 2021?
> A. I mean, the standard procedures are pretty much the same.
> Q. And the employees, are they paid via check or via cash?
> A. No. They're not paid cash. It's a check.
> Q. Since September 2021, has Florida Pop paid any of 25 their employees in cash?
> A. No.
> Q. Prior to September of 2021, in your role in operations, are you aware if Florida Pop had paid Florida employees in cash?
> A. No

(Dkt. 24-2 at 48:12 – 49:5) Inartful or cleverly adroit questions do not create a factual dispute. The Parties do not dispute that Plaintiff's final recorded date of employment is August 12, 2021. (Dkt. 24 at ¶ 10) Neal began his employment on September 28, 2021. (Dkt. 24-2 at 5:4–10) He was asked if policies changed since September of 2021, but not about what the policies were when Plaintiff was employed or whether they changed during or immediately after her employment. Moreover, Neal's lack of awareness, which is all that the question elicited, concerning whether Defendant paid Florida employees in cash prior to his employment does not create a factual dispute.

5

"[s]ometimes people leave and do not clock out . . . and a manager will have to go in and clock them out." (Dkt. 24-2 at 20:5 – 8)

In summary, Defendant has failed to establish a genuine dispute of material fact concerning Plaintiff's evidence that she worked overtime for which she was not properly paid and that Defendant knew or should have known that she was doing so. As such, the Court finds that on this record, summary judgment is due to be **GRANTED** in favor of Plaintiff as to liability. The precise amount of overtime hours that Plaintiff worked and for which she was unpaid is a matter that will be taken up at a trial on damages.

The Court would further note that Plaintiff has recently filed a Motion for Sanctions for Defendant's Spoliation of Evidence, contending that Defendant did not preserve relevant documentation of Plaintiff's work schedules even after being put on notice that the matter was in dispute. (Dkt. 29) The Court will address that Motion at or before trial as warranted.

## IV.  CONCLUSION

Upon consideration of the foregoing, the Court hereby **ORDERS** that Plaintiff's Motion for Partial Summary Judgment, (Dkt. 24), is **GRANTED**. The matter will go forward to trial on the issue of damages.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of July 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

6

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person