UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRILYN PAYTON,**

    **Plaintiff,**

v.                                               Case No. 8:22-cv-00694-AAS

**FLORIDA POP, LLC, d/b/a POPEYES
LOUISIANA KITCHEN,**

    **Defendant.**
_____/

## **ORDER**

Defendant Florida Pop, LLC d/b/a Popeyes Louisiana Kitchen (Florida Pop), moves for reconsideration of the court's order granting Plaintiff Terrilyn Payton's motion for partial summary judgment as to liability (Doc. 36). (Doc. 39). Ms. Payton opposes the motion. (Doc. 43).

**I.**      **BACKGROUND**

Ms. Payton initiated this one-count suit against her former employer, Florida Pop, for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). (Doc. 1). Ms. Payton moved for summary judgment on the issue of liability, arguing the undisputed record evidence establishes she worked overtime and was not paid at least one and a half times her regular wage for all overtime hours worked in a single workweek. (Doc. 24). Florida Pop opposed Ms. Payton's motion for partial summary judgment. (Doc. 25).

1

The court concluded Florida Pop failed to establish a genuine dispute of material fact concerning Ms. Payton's evidence she worked overtime for which she was not properly compensated, and Florida Pop knew or should have known she was doing so. (Doc. 36). As such, the court granted summary judgment for Ms. Payton on the issue of liability. (*Id.*). The court held the precise overtime hours Ms. Payton worked and for which she is due compensation will be addressed at a trial on damages. (*Id.*).

Florida Pop now moves for reconsideration of the court's order granting Ms. Payton's motion for partial summary judgment as to liability. (Doc. 39). Florida Pop argues Ms. Payton failed to prove the extent and amount of overtime hours worked, and so material facts are in dispute. (*Id.*). Ms. Payton opposes Florida Pop's motion for reconsideration. (Doc. 43).

## II.   ANALYSIS

District courts have "inherent authority to revise interlocutory orders before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties in a case." *Hollander v. Wolf*, No. 9:09-cv-80587-KLR, 2009 WL 10667896, at *1 (S.D. Fla. Nov. 17, 2009). These limited circumstances prompt reconsideration of a court order: (1) an intervening change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice. *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007); *True v. Comm'r*

*of the I.R.S.*, 108 F. Supp. 2d 1361, 1365, (M.D. Fla. 2000).

Florida Pop must therefore present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." *Id.* (internal quotations omitted).

There is no dispute that Ms. Payton worked more than 40 hours during her employment and was not paid overtime wages. (*See* Doc. 36, pp. 3–4). Florida Pop now references Ms. Payton's tax returns as evidence of specific hours worked. (*See* Doc. 39). However, the court's summary judgment order relates only to whether Ms. Payton worked overtime hours for which she was unpaid. (*See* Doc. 36). Florida Pop's argument that Ms. Payton has not provided the specific number of overtime hours she worked is misplaced.

The number of overtime hours worked by Ms. Payton relates to damages. Ms. Payton's motion for partial summary judgment did not establish damages, only that Ms. Payton worked more than 40 hours for various workweeks and was not paid overtime wages. (*See* Doc. 24). The specific overtime hours worked was not addressed in the court's order because damages were not at issue, only liability. (*See* Doc. 36).

### III.  CONCLUSION

Florida Pop's motion does not present "facts or law of a strongly

convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at 1358. Florida Pop's motion for reconsideration (Doc. 39) is thus **DENIED**.

The court will advise the parties of available dates and times for a hearing on Ms. Payton's motion for sanctions (Doc. 29) by email. After ruling on the motion for sanctions, the court will schedule a status conference to reset the trial calendar and related deadlines.

**ORDERED** in Tampa, Florida on August 18, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4